## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG NICHOLS,
#B87939,

               **Plaintiff,**

v.

JEROD SCHANZ,
JOSHUA SCHOENBECK,
ANTHONY JONES, and
JOHN DOE #1,

               **Defendants.**

Case No. 24-cv-01762-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Craig Nichols, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE AMENDED COMPLAINT

Plaintiff alleges that on December 14, 2022, he was issued a disciplinary report from Internal Affairs Officer Jerod Schanz, after drug paraphernalia was found in a box of playing cards on Plaintiff's cellmate's bunkbed. (Doc. 16, p. 4). Plaintiff asserts that his cellmate admitted to staff that the box of playing cards was in his possession and did not belong to Plaintiff. When he received the disciplinary report, Plaintiff was not allowed to sign the bottom of the report and

record his cellmate as a requested witness. (*Id.*).

Plaintiff's disciplinary report was heard by Adjustment Committee Members Jones and Schoenbeck. (Doc. 16, p. 4). Plaintiff pled not guilty and informed the Adjustment Committee that his cellmate was a witness. He was not allowed to call his witness and was found guilty based on "no evidence." (*Id.* at p. 4-5).

At some point, Plaintiff was placed in cell 3-28, a segregation cell in North 2 at Menard. (Doc. 16, p. 5). The cell had a soiled mattress, and there was no running water for over a month. Without running water, Plaintiff was unable to flush the toilet and human waste continued to accumulate in the toilet. Plaintiff asserts that John Doe, the gallery officer from November 15, 2022, until January 2023, was notified about the conditions of his cell and his need for cleaning supplies. John Doe told Plaintiff that he would bring Plaintiff cleaning supplies and Plaintiff's property, but he never did. (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

Count 1:     Fourteenth Amendment due process claim against Schanz, Schoenbeck, and Jones for punishing Plaintiff without due process of law.

Count 2:     Eighth Amendment conditions of confinement claim against John Doe.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

**Count 1**

Plaintiff has again failed to state a claim for denial of procedural due process against any of the named Defendants. Prisoners are not entitled to Fourteenth Amendment due process protections unless they can establish the deprivation of a constitutionally protected interest in life, liberty, or property. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (per curiam). A court reviewing a due process claim engages in a two-part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

"Prisoners do not have a constitutional right to remain in the general population." *Isby v. Brown*, 856 F. 3d 508, 524 (7th Cir. 2017). *See also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding disciplinary segregation is limited") (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A protected liberty interest "is triggered only when the confinement imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (internal quotations and citations omitted). The key comparison when considering whether the conditions are significantly harsher "is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F. 3d 1173, 1175 (7th Cir. 1997). The Court also looks to the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *See Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Plaintiff asserts that after he was found guilty of the disciplinary report, he was wrongfully placed in segregation. In segregation, he was denied running water for over a month, and for an unknown amount of time, he did not have cleaning supplies or his "property." The Court cannot plausibly infer from these limited facts, as pled, that the conditions Plaintiff experienced in

segregation amounted to an "atypical and significant hardship" compared to prison life.[2] Because Plaintiff was not denied a liberty interest, due process was required prior to placing Plaintiff in restrictive housing. Count 1 is dismissed.

### Count 2

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To establish an Eighth Amendment conditions of confinement claim, a plaintiff must first plead that the conditions alleged must be, objectively, "sufficiently serious." To be sufficiently serious, the conditions "must deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety." *Id.* Next, a plaintiff must allege that the defendant had a subjectively, "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). In other words, a defendant must have known about the alleged excessive risk to Plaintiff's health or safety and had deliberate indifference toward that risk. Furthermore, the Seventh Circuit has specifically stated that it is not enough that a prison official "should have been aware" of the risk, *Quinn v. Wexford Health Sources, Inc*., 8 F.4th 557, 566 (7th Cir. 2021), but they must have subjectively known of the substantial risk.

Plaintiff has sufficiently stated a claim against John Doe for the lack of running water to his cell for over a month that resulted in the accumulation of and exposure to humane waste. *See Cobian v. McLaughlin,* 717 F. App'x 605, 611 (7th Cir. 2017); *Vinning-El v. Long*, 482 F.3d 923,

---

[2] *See Marion,* 559 F. 3d at 697-98 nn. 2-3 (7th Cir. 2009) (noting that up to 90 days in segregation relatively short depending on the conditions); *McCoy v. Atherton,* 818 F. App'x 538, 541-42 (7th Cir. 2020) (three months in segregation in a dirty cell near physically and mentally ill inmates not enough to implicate due process protections); *Obriecht v. Raemisch,* 565 F. App'x 535, 540 (7th Cir. 2014) (finding that 78 days in alleged deplorable conditions was not a "atypical and significant hardship"); *Lisle*, 933 F. 3d at 721 (four months in segregation in combination of a vague description of cells did not allow jury to reasonably infer that the conditions imposed a significant hardship).

923–24 (7th Cir. 2007); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989); *Wheeler v. Walker*, 303 F. App'x 365, 368 (7th Cir. 2008). Count 2 will be dismissed, however, to the extent Plaintiff claims the Eighth Amendment was violated when he was denied cleaning supplies and his property. Plaintiff does not articulate, and the Court cannot infer from the facts, the sufficiently serious and hazardous condition he faced by not having these items.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice**. **COUNT 2** shall proceed in part against **John Doe** and is **DISMISSED in part**. Because there are no surviving claims against Schanz, Schoenbeck, and Jones, the Clerk of Court **SHALL TERMINATE** these individuals as parties on the docket.

The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard, Anthony Wills, as a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the John Doe Defendant. Once Defendant Wills has entered an appearance, the Court will provide further instructions and deadlines for identifying the John Doe Defendant. Plaintiff is advised that it is ultimately his responsibility to identify the John Doe.

Because Plaintiff alleges that he was exposed to human waste, which may have impacted his health, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Warden Wills (official capacity only) and John Doe (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the

Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant John Doe, once served, is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant needs only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2025**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.